# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITEDNET, LTD. and LEVI RUSSELL,

        Plaintiffs,

        vs.                                                                                           No. 1:21-cv-01081-KWR-JFR

TATA COMMUNICATIONS AMERICA, INC.,
TATA COMMUNICATIONS INDIA, LTD.,
TATA SONS PRIVATE, LTD., STEVEN LUCERO,
and LATINGROUP, LLC,

        Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

**THIS MATTER** comes before the Court upon Defendant Tata Communications (America) Inc.'s Motion Pursuant to Fed. R. Civ. P. 11 (**Doc. 10**), filed February 1, 2022. Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is **NOT WELL-TAKEN**, and therefore, is **DENIED**.

Defendant Tata Communications (America) Inc. ("Tata America") moves the Court for an order, pursuant to Rule 11 of the Federal Rules of Civil Procedure, entering sanctions against Plaintiffs Unitednet, Ltd. and Levi Russell for bringing claims against Tata America. *See* **Doc. 10, at 1**.[1] Defendant seeks an award of costs and reasonable attorneys' fees, dismissal of Plaintiffs' Complaint with prejudice, and other sanctions the Court finds are fair and just. *Id.* **at 4**. Defendant filed the motion contemporaneously with a motion to dismiss Plaintiffs' Complaint. As discussed below, the Court concludes that Rule 11 sanctions against Plaintiffs are inappropriate.

---

[1] Extensive background information may be found in the prior memorandum opinion the Court issued in this case. *See, e.g.*, **Doc. 28**.

Rule 11 warns attorneys that by "presenting to the court a pleading, written motion, or other paper," they certify to the best of their "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the paper meets the following conditions:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *See Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus [] streamline the administration and procedure of the federal courts. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay." *Collins v. Daniels*, 916 F.3d 1302, 1322–23 (10th Cir. 2019) (internal quotations and citations omitted).

"[A] pleading containing both frivolous and nonfrivolous claims may violate Rule 11." *See Dodd Ins.*, 935 F.2d at 1158. However, the presence of a single frivolous or groundless claim, "may not always mandate Rule 11 sanctions." *Id.* The ultimate goal of Rule 11 sanctions is "deterrence, rather than compensation." *Hutchinson v. Pfeil*, 208 F.3d 1180, 1183 (10th Cir. 2000). "Because our adversary system expects lawyers to zealously represent their clients, the Rule 11 standard is a tough one to satisfy; an attorney can be rather aggressive and still be

2

reasonable." *Collins*, 916 F.3d at 1320 (internal alterations omitted) (quoting *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015)).

Defendant Tata America argues that "Plaintiffs and/or their counsel have failed to perform the reasonable inquiry that is required before filing the Complaint, which would have revealed that Plaintiffs' claims against Tata Communications America are baseless and frivolous" and "lack evidentiary support." *See* **Doc. 10, at 2 ¶ 2**. According to Defendant, Plaintiffs' claims are baseless because Tata America was not a party to the Sales and Purchase Agreement (the "Agreement") to which Plaintiffs' claims relate, Tata America did not own the telecommunications network to be sold, and Tata America was not the proper corporate entity to be sued. *Id.* **¶¶ 3–5**. Defendant further argues that the forum selection provision in the Agreement required Plaintiffs to bring this suit before the Courts of England and Wales. *Id.* **¶ 6**.

Based on the objective circumstances of this case, a Rule 11 violation has not occurred. Having reviewed the purportedly baseless claims and frivolous legal contentions, and recently ruled on Defendant's Motion to Dismiss (**Doc. 8**) and Brief in Support (**Doc. 9**), this Court finds that a reasonable and competent attorney would believe in the merits of the arguments and claims raised by Plaintiffs. Given the complicated issues raised, including the enforceability of the Agreement by non-signatories and several conflicts-of-laws issues, the Court cannot reasonably conclude that Plaintiffs advanced baseless or frivolous arguments or made unsupported allegations. Simply stated, Defendant Tata America fails to persuade the court that Plaintiffs did not exercise due diligence prior to filing the Complaint. Accordingly, the Court denies Tata America's motion for Rule 11 sanctions.

**IT IS SO ORDERED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**